UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

JASON R. CRAWFORD            ]
    Petitioner,          ]
                             ]
v.                           ]    No. 3:06-1117
                             ]    Echols/Brown
STEPHEN DOTSON, WARDEN       ]
    Respondent.          ]

To: Honorable Robert L. Echols, District Judge

### REPORT AND RECOMMENDATION

By an order (Docket Entry No. 12) entered April 23, 2007, the Court referred this action to the Magistrate Judge " for further proceedings under Rule 8(b), Habeas Corpus Rules, 28 U.S.C. § 636(b)(1)(B), and Rule 7, L.R.M.J."

Presently before the Court are the petition (Docket Entry No. 1) that initiated this action and respondent's Answer (Docket Entry No. 11) to the petition. There has been no responsive pleading filed to rebut the respondent's Answer. The undersigned has reviewed these pleadings and the expanded record in this case and recommends, for the reasons stated below, that the petition lacks merit and should be denied. It is further recommended that this action be dismissed.

The petitioner, proceeding *pro se*, is an inmate at the Whiteville Correctional Facility in Whiteville, Tennessee. He brings this action pursuant to 28 U.S.C. § 2254 against Stephen Dotson, Warden of the prison, seeking a writ of habeas corpus.

1

In January, 2003, the petitioner entered a plea agreement in which he pled guilty to charges of second degree murder and conspiracy to commit aggravated robbery. Docket Entry No. 11; Addendum No. 1; Vol. No. 1 at pgs. 62-63. For these crimes, he received an aggregate sentence of forty (40) years in prison. Having pled guilty, no direct appeal of the convictions was taken by the petitioner.

Instead, the petitioner sought federal habeas corpus relief. Crawford v. Dotson, Civil Action No. 3:03-1180 (M.D. Tenn.). That action was dismissed without prejudice because the petitioner had not yet fully exhausted his state court remedies. Docket Entry No. 11; Addendum No. 9 at pgs. 4-6.

The petitioner then filed a *pro se* post-conviction petition in the Circuit Court of Rutherford County. Following the appointment of counsel and an evidentiary hearing, the petitioner was denied post-conviction relief. Docket Entry No. 11; Addendum No. 1; Vol. No. 1 at pg. 89. On appeal, the Tennessee Court of Criminal Appeals affirmed the denial of post-conviction relief. Docket Entry No. 11; Addendum No. 5. The Tennessee Supreme Court later rejected the petitioner's application for further review. Docket Entry No. 11; Addendum No. 7.

On July 24, 2006, the petitioner filed the instant petition (Docket Entry No. 1) for federal habeas corpus relief. The petition was filed in the District Court for the Western District of Tennessee and was transferred to this judicial district by an order (Docket Entry No. 3) entered on November 17, 2006.

The petition sets forth seven claims for relief. These claims include :

    1)    the petitioner was denied the effective assistance

2

of counsel when his attorney[1]

    a) failed "to find eye-witnesses on the Petitioner's behalf";

    b) neglected to "inform the petitioner of any and all attempted plea negotiation offers proffered by the State";

    c) "failed to file a Motion to Suppress the Petitioner's confession";

    d) did not keep the petitioner adequately informed - "lack of communication with the Petitioner"; and

    e) did not adequately investigate and prepare the case for trial.

2) the police coerced the petitioner into giving a confession.

3) the petitioner's guilty plea was neither knowingly, intelligently nor voluntarily given.

Docket Entry No. 1 at pgs. 10-36

By an order (Docket Entry No. 5) entered February 16, 2007, the respondent was directed to file an answer, plead or otherwise respond to the petition. The respondent has filed an Answer (Docket Entry No. 11) along with the record of petitioner's criminal proceedings. Upon consideration of the petition, respondent's Answer and the expanded record, it does not appear that an evidentiary hearing is needed in this matter. *see* Smith v. United States, 348 F.3d 545, 550 (6th Cir. 2003)(an evidentiary hearing is not required when the record conclusively shows that the petitioner is entitled to no relief).

The respondent contends that dismissal would be appropriate because the petitioner has

---

[1] The petitioner retained Carla Ford, a member of the Rutherford County Bar, to represent him.

3

Case 3:06-cv-01117   Document 13   Filed 05/07/07   Page 3 of 7 PageID #: 416

exhausted the state court remedies for his claims by way of procedural default. A petition for writ of habeas corpus will not be considered unless the petitioner has first exhausted all available state court remedies for each claim set forth in his petition. Cohen v. Tate, 779 F.2d 1181, 1184 (6th Cir. 1985). While exhaustion is not a jurisdictional requirement, it is a strictly enforced doctrine that promotes comity between the states and federal government by giving the state an initial opportunity to pass upon and correct alleged violations of its prisoners' federal rights. Granberry v. Greer, 107 S.Ct. 1671, 1674-1675 (1987). Thus, as a condition precedent to seeking federal habeas corpus relief, the petitioner's claims must have been fairly presented to the state courts as federal constitutional issues. Rose v. Lundy, 102 S.Ct. 1198, 1205 (1982). Once the federal claims have been presented to the highest state court available, the exhaustion requirement is satisfied, even if that court refused to consider them. Manning v. Alexander, 912 F.2d 878, 883 (6th Cir.1990).

A review of the record shows that none of the petitioner's claims found in his petition was ever raised and considered by the state courts prior to the initiation of the instant action.[2] To properly satisfy the exhaustion requirement, claims must be fairly presented to every level of the state court system for consideration. Doctor v. Walters, 96 F.3d 675, 678 (3rd Cir.1996). In this instance, the petitioner has obviously failed to satisfy the exhaustion requirement prior to the filing of this action. At this late date, it appears that state court remedies for these claims are no longer available. *See* Tenn. Code Ann. § 40-30-202(a). Thus, by way of procedural default, the

---

[2] During his post-conviction proceedings, the petitioner did allege that his attorney had been ineffective. This claim, however, was based upon counsel's failure to advise him "of defenses to felony murder " and "the defense of self-defense". Docket Entry No. 11; Addendum No. 3 at pg. 5. Here, the petitioner's ineffective assistance claim is predicated on a very different set of allegations that were never raised in the state courts.

4

Case 3:06-cv-01117 Document 13 Filed 05/07/07 Page 4 of 7 PageID #: 417

petitioner has technically met the exhaustion requirement with respect to his claims. Alley v. Bell, 307 F.3d 380, 385 (6th Cir. 2002)(if an unexhausted claim would be procedurally barred under state law, that claim is procedurally defaulted for purposes of federal habeas corpus review).

To prevent a habeas petitioner from circumventing the intent of the exhaustion requirement in such a manner, the Supreme Court has held that a petitioner who fails to comply with state rules of procedure governing the timely presentation of federal constitutional claims forfeits the right to have those claims reviewed in a habeas corpus proceeding, absent a showing of cause for non-compliance and some showing of prejudice arising from the alleged constitutional violations. Wainwright v. Sykes, 97 S.Ct. 2497, 2505 (1977); Engle v. Isaac, 102 S.Ct. 1558, 1573 (1982).

The existence of cause to mitigate a procedural default requires a showing that some objective factor external to the defense impeded compliance with the state limitation period. Murray v. Carrier, 106 S.Ct. 2639, 2644-2646 (1986). In order to establish prejudice, the petitioner must demonstrate actual prejudice and not merely the possibility of prejudice. Maupin v. Smith, 785 F.2d 135, 139 (6th Cir. 1986). Here, the petitioner has failed to fairly present and exhaust his claims in a timely manner prior to initiating the instant action. He has neglected to offer any factual allegations suggesting cause and prejudice arising from his failure to properly exhaust the claims in the petition.

Nevertheless, despite an absence of cause and prejudice, a procedural default may be excused when a review of petitioner's claims is necessary to correct a fundamental miscarriage of justice. Coleman v. Thompson, 111 S.Ct. 2546, 2565 (1991). A fundamental miscarriage of

5

justice occurs when a constitutional violation has probably resulted in the conviction of an individual who is actually innocent. Murray, supra at 106 S.Ct. 2649. Nothing in the petition suggests that the petitioner was actually innocent of the charges against him. Therefore, the petitioner's failure to fairly present and exhaust his claims in the state courts constitutes an unexcusable procedural default. This procedural default bars him from federal habeas corpus review of his petition.

## R E C O M M E N D A T I O N

For the reasons discussed above, the undersigned finds that the habeas corpus petition before the Court has no merit. Accordingly, it is respectfully RECOMMENDED that the petition be DENIED and that this action should be DISMISSED.

Any objections to this Report and Recommendation must be filed with the Clerk of Court within ten (10) days of receipt of this notice and must state with particularity the specific portions of the Report and Recommendation to which objection is made. Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation. See Thomas v. Arn, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); United States v. Walters, 638 F.2d 947 (6th Cir.1981).

Respectfully submitted,

/S/ Joe B. Brown

Joe B. Brown
United States Magistrate Judge